No. 52,267

MARGALEE SELLS, *Appellant,* v. UNIFIED SCHOOL DISTRICT NO. 429, DONIPHAN COUNTY, KANSAS, *Appellee.*

(644 P.2d 379)

Opinion filed May 8, 1982.

*Wesley A. Weathers,* of Ralston, Frieden & Weathers, P.A., of Topeka, argued the cause and *Patricia Riley,* of the same firm, was with him on the brief for appellant.

*Fred W. Rausch, Jr.,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This case is before the court on a petition for review of the decision of the Court of Appeals in *Sells v. U.S.D. No. 429,* 6 Kan. App. 2d 968, 637 P.2d 422 (1981). Margalee Sells, a tenured school teacher, appealed from a decision of the district court affirming the decision of the school board of U.S.D. 429 to nonrenew Ms. Sells' teaching contract for the school year 1979-80. The Court of Appeals reversed the decision of the district court and we granted review on the petition of the school district. The facts are set forth in detail in the opinion of the Court of Appeals and need not be repeated at length herein.

Suffice it to say, U.S.D. 429, along with four other school districts, had been providing special education services mandated by K.S.A. 72-933 and 72-966(*a*) through the Doniphan

County Special Education Cooperative (the co-op) formed pursuant to K.S.A. 72-967(*a*)(4), 72-968 and 72-969. U.S.D. 429 was the sponsoring district.

Desiring a more equal share in the responsibility for administration of their special education programs, the five school districts executed a new agreement in November of 1978 as authorized by K.S.A. 72-8230 and K.S.A. 12-2901 *et seq.* The programs would thereafter be offered and administered by a separate legal entity to be known as the Doniphan County Education Cooperative (hereinafter, the interlocal).

Pursuant to the new agreement, Ms. Sells was given a notice that she would be nonrenewed in the following form:

"Pursuant to K.S.A. 72-5438 you are hereby notified that USD 429 will not be the sponsoring district of the Special Education Program after June 30, 1979. This is the reason for nonrenewal of all contracts of the Special Education Program.

"If you desire a hearing, you may file with the clerk of the Board of Education of USD 429 within fifteen (15) days of this notice."

The sole issue on appeal is whether the notice given Ms. Sells states "good cause" for her nonrenewal as a teacher by U.S.D. 429. Counsel for appellant concedes that ordinarily the elimination of the teaching position is good cause for nonrenewal but asserts that elimination of the position because of the termination of the co-op and the formation of the interlocal is insufficient due to K.S.A. 1981 Supp. 12-2904(*e*) unless the new interlocal hires the teacher. We disagree.

K.S.A. 1981 Supp. 12-2904(*e*) provides:

"No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by law except that to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, said performance may be offered in satisfaction of the obligation or responsibility."

It is to be noted that the statute is a part of the interlocal cooperation act, K.S.A. 12-2901 *et seq.,* which applies to all forms of local governmental units, including school districts. The purpose of 12-2904(*e*) is to preclude an existing local unit of government from entering into an interlocal cooperation agreement and in doing so avoid its legal responsibilities. What were the obligations and responsibilities imposed by law upon U.S.D. 429 when the co-op was terminated and the interlocal established? Was it required to continue to hire all fifteen special education teachers if the interlocal declined to do so? We think not.

The legal responsibility of U.S.D. 429 insofar as Ms. Sells was concerned was to either renew her contract for the ensuing year or give her written notice that her contract would not be renewed, stating the reasons for nonrenewal and advising the teacher of the right to a due process hearing. The reasons stated must constitute good cause for nonrenewal of the contract. *Gillett v. U.S.D. No. 276,* 227 Kan. 71, 605 P.2d 105 (1980); K.S.A. 72-5411 and 72-5436 *et seq.* Those responsibilities were complied with by U.S.D. 429. The notice clearly states that the school district would no longer be sponsoring the special education program, *i.e.,* the school district no longer would have need, or positions available, for special education teachers. As stated by appellant's counsel:

"We are not expecting 429 to give her a contract next year. We know they have changed their way of doing business. We know they have an agent that's taking care of this. But we expect that agent to either give her a contract or a reason why they are not giving her one. And they have not done it."

In *Gillett,* this court said:

"We hold that under the Kansas due process statute (K.S.A. 1977 Supp. 72-5436 *et seq.*) a tenured teacher may be terminated or nonrenewed only if good cause is shown, including any ground which is put forward by the school board in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the school board's task of building up and maintaining an efficient school system." p. 78.

The reason given by the school board for the nonrenewal of Ms. Sells' contract was, in effect, the discontinuation of special education programs under the aegis of U.S.D. 429. It does not appear factually anywhere that the stated reason was a subterfuge. Since nothing appears in evidence to indicate that the school board's decision was arbitrary, irrational, unreasonable or irrelevant to building up an efficient school system, we find the school board has shown "good cause" for not renewing Ms. Sells' contract. We hold that the dissolution of the co-op and the formation of the new interlocal constituted good cause for the nonrenewal of the contracts of the tenured special education teachers.

U.S.D. 429 has complied with its legal responsibilities under K.S.A. 1981 Supp. 12-2904(*e*) in that the notice provided stated good cause for the nonrenewal of Ms. Sells' contract.

The opinion of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

MILLER, J., dissenting: I respectfully disagree with the conclusion reached by my distinguished colleagues, and would adopt the logical and persuasive opinion written for a unanimous panel of the Court of Appeals by Judge Abbott. It seems to me that the legislature clearly anticipated the problem which this case illustrates, and provided protection for the affected tenured teachers by K.S.A. 1981 Supp. 12-2904(e). The majority's opinion pulls the blanket of tenure out from under many tenured teachers. This plaintiff was obviously singled out from among fifteen teachers for nonrenewal.

I would reverse the judgment of the trial court.

PRAGER, J., not participating.