No. 53,587

NEA-VALLEY CENTER, A Voluntary Association, *Appellee*, v. UNI-FIED SCHOOL DISTRICT 262, VALLEY CENTER-SEDGWICK COUNTY, KANSAS, a Kansas School District, and SEDGWICK COUNTY AREA EDUCATIONAL SERVICES COOPERATIVE, a Voluntary Association by and through JEANNIE BYERLEY, its President, and SHIRLEY WELCH, its Vice-President, *Appellants.*

(644 P.2d 381)

Opinion filed May 8, 1982.

*Wesley A. Weathers,* of Ralston, Frieden & Weathers, P.A., of Topeka, argued the cause, and *Patricia E. Riley,* of the same firm, appeared with him on the brief for the appellee.

*Fred W. Rausch, Jr.,* of Topeka, argued the cause and was on the brief of appellants.

The opinion of the court was delivered by

McFARLAND, J.: This appeal involves a dispute among NEA-Valley Center, Unified School District No. 262, and the Sedgwick County Area Educational Services Interlocal Cooperative relative

to what rights, if any, 54 special education teachers have to continued employment when the school district they serve joins an interlocal special education cooperative and nonrenews said teachers' contracts as a result thereof.

In the 1980-81 school year and for several school years previous thereto, U.S.D. 262 served as the sponsoring district in an agreement pursuant to K.S.A. 72-968 and -969 to provide special education services to nine school districts in Harvey, Sumner and Sedgwick counties. U.S.D. 262 employed 54 special education teachers to fulfill its obligation to provide such special services to the nine districts, including its own. During the 1980-81 school year, the nine districts decided to terminate this method of providing the service. In its place an interlocal cooperative, composed of the same nine districts, was created, effective July 1, 1981, pursuant to K.S.A. 72-8230 and K.S.A. 12-2901 *et seq.* All special education teachers, whether tenured or nontenured, were sent timely notices of intent to nonrenew their contracts for the 1981-82 school year by the school board. This lawsuit resulted.

The major holdings of the trial court may be summarized as follows:

1. The joining of an interlocal cooperative and the discontinuation of its own special education program do not constitute a valid reason for a school district to nonrenew the contracts of its special education teachers.

2. The new interlocal cooperative is legally obligated to employ all special education teachers presently employed by the school district.

3. The terms and conditions of employment of these special education teachers as employees of the new interlocal cooperative would be subject to all of the provisions of any negotiated agreement reached between the school district and the teachers' association.

4. Each teacher employed by the interlocal cooperative is to be granted tenure rights to the same extent as if he or she were still employed by the school district.

The interlocal appeals from the trial court's decision.

The keystone issue herein is whether the school board had the legal right to nonrenew the 54 special education teachers under the circumstances. Determination of this issue is controlled by *Sells v. U.S.D. No. 429,* 231 Kan. 247, 644 P.2d 379 (1982).

*Sells* arose from a similar factual background but the nonrenewal was challenged by only one tenured teacher. In *Sells* this court held:

"Under the Kansas due process statute (K.S.A. 72-5436 *et seq.*) a tenured teacher may be terminated or nonrenewed only if good cause is shown, including any ground which is put forward by the school board in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the school board's task of building up and maintaining an efficient school system.

"The termination of a special education cooperative and the transfer of the administrative duties of a sponsoring school district to an interlocal cooperative formed pursuant to K.S.A. 72-8230 and K.S.A. 12-2901 *et seq.*, whereby the former sponsoring school district no longer provides special education services, constitutes good cause for the former sponsoring school district to nonrenew the teaching contracts of its tenured special education teachers." Syl. ¶¶ 1, 2.

In the present case, as in *Sells,* it does not appear factually anywhere that the stated reason for nonrenewal was a subterfuge. Nothing appears in the evidence to indicate the school board's decision was arbitrary, irrational, unreasonable or irrelevant to building up an efficient school system, nor did the trial court so find. Based on the rationale of *Sells,* we conclude the school district had good cause to nonrenew the teaching contracts of its tenured special education teachers. This being true, *a fortiori,* the school board's nonrenewal of its nontenured teachers can be no less valid.

We turn now to the issue of whether the trial court erred in holding that the interlocal was legally obligated to employ all special education teachers then employed by the school district. At first blush, this issue appears to be separate from the issue of whether the school district lawfully nonrenewed the teachers' contracts. Closer inspection reveals the contrary is true. The trial court's determination of both issues is predicated upon the following rationale:

"21. [K.S.A. 1981 Supp. 12-] 2904(*e*) and [K.S.A. 72-] 8230(*g*) indicate that the Kansas Legislature intends that no rights be lost or interrupted or interfered with by the formation of a cooperative, either administrative or separate legal, under the Interlocal Cooperative Act and specifically provides, in all possible cases, for a smooth transference and continuum of all existing rights, duties, powers and obligations."

From this conclusion the trial court reasoned: (1) The school board had no right to nonrenew teachers' contracts solely because of the formation of the interlocal cooperative; and (2) the interlo-

cal cooperative was, in effect, to be substituted for the school board as the official teachers' employer. The decision in the *Sells* case is the antithesis of the trial court's basic concept of legislative intent herein. In *Sells* we held the formation of the interlocal is sufficient reason to nonrenew a tenured teacher. Such nonrenewal wholly severs the employer-employee relationship between the school board and the teacher with neither having further rights against or duties to the other. It would be incongruous to conclude a school district may nonrenew a tenured teacher by reason of joining an interlocal cooperative and then hold the interlocal cooperative is bound, in essence, to take over the employment of that teacher in the name of preserving a nonexistent continuity.

The nine school districts comprising the interlocal cooperative were previously united for special education services, with U.S.D. 262 being the sponsoring district. Accordingly, all of the special education teachers involved are employees of U.S.D. 262, the sponsoring district. There is nothing legally, however, to preclude nine school districts from going directly from total independence to an interlocal cooperative. Under the trial court's rationale, such interlocal would be legally obligated to employ every affected teacher from all nine districts—such employment to be under the same terms as if the employment had not changed. This would appear to result in an administrative nightmare for the interlocal and preclude any improved efficiency of operation.

There is no statute which requires an interlocal cooperative to employ teachers whose contracts are nonrenewed by member districts as a result of the formation of the interlocal. If interlocal cooperatives are to be so burdened, it should be by express legislative directive.

We conclude the trial court erred in holding that the interlocal cooperative was legally obligated to employ the nonrenewed teachers herein. This determination renders moot the issues herein as to the propriety of the various conditions of teacher employment imposed upon the interlocal cooperative by the trial court.

The judgment is reversed and remanded with directions to enter judgment in favor of the defendants in accordance with this opinion.

MILLER, J., dissenting: As I noted in my dissent in *Sells,* the

legislature anticipated that teachers might face loss of tenure upon the creation of interlocal cooperatives, and specifically guarded against such an eventuality by the enactment of K.S.A. 1981 Supp. 12-2904(*e*), which reads:

"No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by law except that to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, said performance may be offered in satisfaction of the obligation or responsibility."

I respectfully suggest that if that statute is to be given life and meaning, the trial court's decision in this case should be affirmed.

PRAGER, J., joins the foregoing dissenting opinion.